# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 21-0200V
(not to be published)

| | |
|---|---|
| JENNIFER RIVERA,<br><br>    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: May 31, 2023<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Bruce William Slane*, Law Office of Bruce W. Slane, P.C., White Plains, NY, for Petitioner.

*Madelyn Weeks*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On January 7, 2021, Jennifer Rivera filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration as a result of a tetanus-diphtheria-acellular pertussis vaccine that was administered on April 14, 2020. Petition at 1. On December 13, 2022, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 47.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $34,922.51 (representing $33,630.85 for attorney's fees and $1,291.66 for attorney's costs) incurred by Petitioner's counsel of record, Bruce W. Slane. Petitioner also requests

---

[1] In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

$1,180.00 in fees and costs incurred by Petitioner's former counsel, Zgheib Sayad, P.C. *Id.* at 2; 113-114. Petitioner's Application for Attorneys' Fees and Costs ("Motion"), filed Apr. 17, 2023, ECF No. 52. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. ECF No. 52-3.

Respondent reacted to the motion on May 1, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 53. Petitioner did not file a reply thereafter.

The rates requested for work performed through the end of 2022 are reasonable and consistent with our prior determinations, and will therefore be adopted. Petitioner has also requested 2023 attorney hourly rates as follows: $425 for work performed by Bruce W. Slane - representing a rate increase of $25; $170 for work performed by paralegal Brittany Fernandez; and $182 for work performed by paralegal Maxwell Hawkins. *Id.* at 2. I find these hourly rates to be reasonable, and will award the attorney's fees requested. (And all time billed to the matter was also reasonably incurred).

Furthermore, Petitioner has provided supporting documentation for all claimed costs and Respondent offered no specific objection to the rates or amounts sought.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$36,102.51**[3] as follows:

- A lump sum of **$34,922.51**, **representing reimbursement for fees and costs, in the form of a check jointly payable to Petitioner and Petitioner's counsel of record, Bruce W. Slane; and**

- A lump sum of **$1,180.00**, **representing reimbursement for fees and costs in the form of a check jointly payable to Petitioner and Petitioner's former counsel, Zgheib Sayad, P.C.**

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. See generally Beck v. Sec'y of Health & Human Servs., 924 F.2d 1029 (Fed. Cir. 1991).

2

      In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.